**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

In re:

ECOM AUTHORITY, LLC,                              Case No. 25-17808-LMI

    Alleged Debtor.                              Chapter 7

_____/

**PETITIONING CREDITORS' RESPONSE IN OPPOSITION TO**
**ECOM AUTHORITY, LLC'S MOTION TO DISMISS**

Petitioning Creditors, DeVine Commerce LLC[1], Curtis Barrett, Jennifer Pollak, Trent G. Braden and Austin Collins (collectively, "Petitioning Creditors"), pursuant to 11 U.S.C. § 303 and Federal Rule of Bankruptcy Procedure 7012 (incorporating Federal Rule of Civil Procedure 12(b)), file this Response in Opposition ("Opposition") to *Alleged Debtor Ecom Authority, LLC's Motion to Dismiss Involuntary Petition or Alternatively, for Abstention* ("Motion") [ECF 9], filed on August 5, 2025, by Alleged Debtor, Ecom Authority, LLC ("ECom"). In support thereof, Petitioning Creditors state as follows:

**INTRODUCTION**

ECom's Motion seeks the extraordinary relief of the outright dismissal of the Involuntary Petition, which, as shown, Petitioning Creditors filed in good faith by otherwise satisfying all relevant statutory requirements to initiate an involuntary bankruptcy under 11 U.S.C. § 303. Importantly, the analysis into Petitioning Creditors' good faith (or purported lack thereof) is premature and only becomes relevant in the event this Court first dismisses the Involuntary Petition (it should not). Nonetheless, even a cursory review of Petitioning Creditors' motivations

---

[1] On August 19, 2025, former Petitioning Creditor, Brian Devinney, through undersigned counsel, filed a *Notice of Substitution of Petitioning Creditor* [ECF 18], to notify this Court that he inadvertently named himself as a Petitioning Creditor instead of DeVine Commerce LLC.

demonstrates good faith in their motive to preserve the bankruptcy estate, avoid preferential treatment among creditors, assure the prosecution of all avoidance actions, allow for federal investigation and supervision, and ensure equitable distribution of assets. Likewise, this Court should not abstain hearing the Involuntary Petition in favor of ECom's recently initiated Assignment for the Benefit of Creditors ("ABC") proceeding in state court as Petitioning Creditors (among the other 800+ creditors) and Ecom, itself would be better served by participating in this forum because among other things, a trustee has an ability to bring outsider preference claims and there is no risk that transfers to insiders cannot be avoided and recovered. In either event, the statute under which ECom moves requires any dismissal be "**after notice to all creditors** and a hearing," 11 U.S.C. §303 (j), and ECom's failure to provide notice to all creditors of its Motion and the hearing prevents this Court from dismissing the Involuntary Petition.  Accordingly, this Court should deny the Motion.

## **LEGAL STANDARD**

ECom's Motion cites Federal Rule of Bankruptcy Procedure 7012 (which incorporates Federal Rule of Civil Procedure 12) in support of dismissal of the Involuntary Petition. Although this Court should review the Involuntary Petition "in the light most favorable" to Petitioning Creditors and draw all reasonable inferences therefrom as true, *MSP Recovery Claims, Series LLC v. Metro. Gen. Ins. Co.*, 40 F.4th 1295, 1301-02 (11th Cir. 2022), ECom goes beyond the four corners of the Involuntary Petition to argue for dismissal against Petitioning Creditors. Nevertheless, ECom fails to meet its heavy burden to establish by a preponderance of the evidence that the Involuntary Petition is improper because Petitioning Creditors satisfy 11 U.S.C. § 303 and ECom makes no argument contesting that compliance. *See In re Dade Foreign Trade Zoe, Inc.*, No. 98-17043-BKC-AJC, 1999 WL 33592884, at *2 (Bankr. S.D. Fla. Apr. 19, 1999). Finally,

ECom fails to satisfy its burden of showing under 11 U.S.C. § 305 that "the interests" of Petitioning Creditors, other creditors, and ECom itself "would be better served by" ECom's requested abstention in favor of the ABC state-court proceeding. Simply, ECom cannot rely on an unsupported argument or conclusory arguments in an effort to satisfy the high threshold for the relief it seeks in its Motion.

**ARGUMENT**

**I.      Petitioning Creditors Filed the Involuntary Petition in Good Faith**

      **A.      ECom's "Lack of Good Faith" Analysis is Premature**

Petitioning Creditors' motivation for filing the Involuntary Petition is not an appropriate basis for dismissal because 11 U.S.C. § 303 — which governs the procedure for filing involuntary petitions under the Bankruptcy Code — does not require a petitioning creditor to demonstrate good faith (or the absence of bad faith). *See In re Basil St. Partners, LLC*, 477 B.R. 846, 851 (Bankr. M.D. Fla. 2012) ("[A] petitioning creditor's good or bad faith in filing an involuntary petition is not a basis for dismissal."). Simply, Petitioning Creditors' purported lack of good faith is not relevant at the dismissal stage for involuntary petitions and becomes a point of inquiry only if this Court dismiss the Involuntary Petition on other grounds. *General Trading, Inc. v. Yale Materials Handling Corp.*, 119 F.3d 1485, 1505 (11th Cir. 1997) ("Of course, if the petition was not dismissed, [petitioning creditor] could not under the Bankruptcy Code have been subject to the bad faith inquiry.").

This position is reinforced by the plain text of 11 U.S.C. § 303(i) – which governs the procedure for obtaining damages against a petitioner – and makes clear that dismissal is a precondition to a bad faith inquiry. Specifically, 11 U.S.C. § 303(i), states:

> <u>If the court dismisses a petition under this section</u> other than on consent of all petitioners and the debtor, and if the debtor does not

3

waive the right to judgment under this subsection, the court may grant judgment—

(1)    against the petitioners and in favor of the debtor for—

(A)    costs; or

(B)    a reasonable attorney's fee; or

(2)    against any petitioner that filed the petition in bad faith, for—

(A)    any damages proximately caused by such filing; or

(B)    punitive damages.

11 U.S.C. § 303(i)(1)-(2); *see also Marciano v. Fahs (In re Marciano)*, 459 B.R. 27, 44 (B.A.P. 9th Cir. 2011), aff'd 708 F.3d 1123 (9th Cir. 2013). ("Section 303(i)(2) makes plain that bad faith is not relevant unless consequential and punitive damages are under consideration.") (citations omitted); *In re Petrus*, 662 B.R. 713, 793 (Bankr. D. Nev. 2024) ("[T]he issue of the good faith or bad faith of Dogwood as the petitioning creditor is simply not relevant to the threshold issue of whether the Court should enter an order for relief in this case."); *In re Williams*, 636 B.R. 720, 729 n.15 (Bankr. W.D. La. 2021) (collecting cases and holding that an argument that a bankruptcy court should dismiss an involuntary petition for bad faith even when the  petitioning creditors satisfy section 303's requirements is "without merit").

"In other words, dismissal of the petition is a prerequisite to a bad faith inquiry and analysis[,]" and "[t]he concept of bad faith has no bearing on a . . . determination of whether to dismiss the petition in the first place." *In re Basil St. Partners, LLC*, 477 B.R. at 849.[2] As such,

---

[2] Similar to the Eleventh Circuit, Ninth Circuit courts also find that a lack of good faith  is not a standalone basis for dismissing an involuntary bankruptcy case. *See In re Marciano*, 459 B.R. 27, 45 (B.A.P. 9th Cir. 2011), aff'd, 708 F.3d 1123 (9th Cir. 2013) ("Ordinarily, the bankruptcy court would not reach the issue of bad faith unless and until the Involuntary Petition was dismissed."). *Marciano* involved the B.A.P.'s review of a bankruptcy court's order that denied discovery on the issue of the involuntary petitioners' bad faith. Ultimately, the *Marciano* court found no error by looking to the text of sections 303(b) and 303(h) of the Bankruptcy Code, and noting bad faith was

any analysis or consideration of Petitioning Creditor's purported lack of good faith is premature at this juncture.

### B.  Petitioning Creditors Strictly Complied with 11 U.S.C. § 303

Assuming, *arguendo,* that Petitioning Creditors' motivations are relevant at the dismissal stage, ECom fails to meet its heavy burden to establish by a preponderance of the evidence that Petitioning Creditors have used the Involuntary Petition for an objectively or subjectively improper purpose or motive. Not only are Petitioning Creditors presumed to have acted in good faith, but the record demonstrates conclusively that the Involuntary Petition was filed in strict compliance with 11 U.S.C. § 303. *See In re Dade Foreign Trade Zoe, Inc.*, 1999 WL 33592884, at *2 ("There is a presumption of good faith in favor of petitioning creditors in an involuntary proceeding under § 303. The Debtor or other objecting party has the burden of proving bad faith by a preponderance of the evidence, and the Debtor must separately prove bad faith by each petitioning creditor against whom damages are sought under § 303(i)(2)."); *In re Basil St. Partners, LLC*, 477 B.R. 846, 853 (Bankr. M.D. Fla. 2012) (declining to find bad faith when an involuntary petition "was filed, on its face, in compliance with the requirements of § 303[.]").

### i.  ECom Does Not Challenge Petitioning Creditors' Compliance with 11 U.S.C. § 303

Petitioning Creditors' motivations for filing the Involuntary Petition exude good faith because, among other things, ECom does not challenge that Petitioning Creditors are eligible to initiate the Involuntary Petition under 11 U.S.C. § 303(a), nor does it classify Petitioning Creditors' claims as contingent or the subject of a bona fide dispute under 11 U.S.C. § 303(b). Petitioning

---

nowhere in the relevant sections. ECom cites  (Mot. at ¶ 20) – *In re Forever Green Athletic Fields, Inc.*, 804 F.3d 328, 335 (3d Cir. 2015) – but that case is inapposite because the petitioning creditor in that case tried to terminate arbitration proceeding between the parties and sought "to exert pressure on the debtor to pay his judgment without regard to other creditors." *Id.* at 336-37.

Creditors have otherwise satisfied all provisions of 11 U.S.C. § 303, further reinforcing the propriety of the Involuntary Petition.

Specifically, ECom does not challenge that, as a former "full-service e-commerce management company," as described by ECom itself, is appropriately subject of the Involuntary Petition. 11 U.S.C. § 303(a). Likewise, ECom does not assert that the Petitioning Creditors lack standing to commence an involuntary case against ECom. 11 U.S.C. § 303(b). Nor does ECom assert that a bond indemnifying the debtor is lacking. 11 U.S.C. § 303(e).  ECom concedes in its Motion that it no longer in business. *See* Mot. at ¶ 5 ("ECom operated as a full-service e-commerce management company supporting Amazon and Walmart third-party sellers. It provided sourcing, purchasing, logistics, and fulfillment through a Miami warehouse and overseas offices. . . ."). And, finally, ECom does not assert that within 120 days of filing, a custodian has not taken possession of the assets  11 U.S.C. § 303(h)(2).

### ii.      Petitioning Creditors Satisfy All "Tests"

Regardless of the purported "tests" proffered by ECom to evaluate a lack of good faith, including the i) "improper purpose" test; ii) "improper use" test; and iii) the "Rule 9011" test — which, as noted above, may not even apply at this juncture — Petitioning Creditors' motivations are  in good faith.

In short, ECom fails to demonstrate that Petitioning Creditors filed the Involuntary Petition for an "improper purpose" test because the filing was not motivated by "ill will, malice or the purpose of embarrassing or harassing the debtor." *Gen. Trading Inc. v. Yale Materials Handling Corp.*, 119 F.3d 1485, 1501 (11th Cir. 1997). For example, filing an involuntary bankruptcy petition deliberately to gain advantage in a business dispute is considered an improper purpose, *Basin Elec. Power Coop. v. Midwest Processing Co.*, 769 F.2d 483, 486–87 (8th Cir. 1985), as is

filing an involuntary bankruptcy petition in order to take control of a corporation or its assets, *In re Better Care, Ltd.,* 97 B.R. 405, 412 (Bankr. N.D. Ill. 1989); *see also In re F.R.P. Indus., Inc.*, 73 B.R. 309, 313 (Bankr. N.D. Fla. 1987) (finding bad faith where "true motive" of involuntary petition was to "effectuat[e] a takeover" of the debtor). Apart from Petitioning Creditors' strict compliance with 11 U.S.C. § 303, ECom cites an email from July 10, 2025 from an unrelated creditor — the day after the Petitioning Creditors filed the Involuntary Petition — where Ecom claims "upon information and belief" is an "email controlled by or affiliated with one or more of the Petitioning Creditors." Such speculation and belief fails to establish a lack of good faith.

Likewise, ECom fails to demonstrate that Petitioning Creditors filed the Involuntary Petition for "improper use" because ECom offers no evidence or argument that Petitioning Creditors are using this proceeding to accomplish objectives not intended by the Bankruptcy Code, such as taking over a debtor corporation and its assets. *See Gen. Trading Inc.*, 119 F.3d at 1501; *In re Better Care, Ltd.*, 97 B.R. at 411–12. An improper use includes instances where "a creditor uses an involuntary bankruptcy to obtain a disproportionate advantage to that particular creditor's position, rather than to protect against other creditors obtaining such a disproportionate advantage." *In re C&C Dev. Group, LLC*, No. 11-32362-BKC-AJC, 2013 WL 5587077, at *3 (Bankr. S.D. Fla. Oct. 10, 2013). As to this factor, ECom cites no evidence or argument that Petitioning Creditors filed the Involuntary Petition to gain advantage above other creditors.

Finally, ECom fails to demonstrate that Petitioning Creditors filed the Involuntary Petion in violation of Rule 9011 of the Federal Rules of Bankruptcy Procedure, because there is no evidence or argument that Petitioning Creditors failed to make "a reasonable inquiry into the facts and the law before filing" and there is no evidence or argument that Petitioning Creditors filed the Involuntary Petition for an improper purpose, as noted above. *See Gen. Trading Inc.*, 119 F.3d at

1502 ("In addition to requiring an objective inquiry, Rule 9011 requires a subjective inquiry as well: the bankruptcy proceeding cannot have been interposed for an improper purpose, 'such as to harass, to cause delay, or to increase the cost of litigation.'").

Despite ECom's claims to the contrary, Petitioning Creditors filed the Involuntary Petition as a means to efficiently liquidate the estate, and to recover avoidance claims, an action which garnered the support of over 800 creditors. *See In re W. Side Cmty. Hosp., Inc.,* 112 B.R. 243, 259 (Bankr. N.D. Ill. 1990) ("The Petitioning Creditors properly used the Bankruptcy Code as an attempt to liquidate West Side in an orderly fashion without preference to selective creditors, all in the face of massive nonpayment of West Side's debts as those debts came due."). ECom's reliance on the infant ABC proceedings is also of no moment, because initiating an involuntary petition after ongoing state-court proceedings does not demonstrate a lack of good faith as a matter of law. *See Matter of Sims*, 994 F.2d 210, 222 (5th Cir. 1993) (finding that prior pending court proceedings does not support a finding of bad faith.); *see also* 11 U.S.C. § 303(h)(2) (specifically contemplating entry of an order for relief if "within 120 days before the date of the filing of the petition, a custodian . . . was appointed or took possession.").

## II.      Abstention Under 11 U.S.C. § 303 Is Not Warranted

ECom urges this Court to abstain from hearing the Involuntary Petition under 11 U.S.C. § 305(a)(1), which provides: "The court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if . . . the interests of creditors and the debtor would be better served by such dismissal or suspension."  Importantly, this forum allows for efficient resolution of ECom's estate and will prevent "expensive, protracted litigation in state court." *See In re Basil St. Partners, LLC*, 477 B.R. at 855 ("Additionally, the Court notes that two of the Petitioning Creditors and the Alleged Debtor have been engaged in

expensive, protracted litigation in state court. In that case, control over the Alleged Debtor appears to be one of the central contested issues. Rather than prolonging the state court dispute, an orderly liquidation conducted under the auspices of a bankruptcy trustee, with the corresponding reporting requirements and judicial oversight, may be warranted."); *In re Key Auto Liquidation Ctr., Inc.*, 372 B.R. 74, 80 (Bankr. N.D. Fla. 2007) ("Further, abstention is not in the best interest of the Creditors, especially since litigating who controls the Alleged Debtor would probably be more expensive than an orderly Chapter 7 liquidation.").

Further, Petitioning Creditors acknowledge that resolution of the Involuntary Petition in this Court would preserve claims and various causes of action which may not otherwise be available in the state court. As such, some of the large claims against the principals and former control persons may be lost in the state court, but, certainly, preserved in the federal forum. For example, under Florida Fraudulent Transfer Act (FUFTA), it will be more difficult to avoid and recover purported fraudulent transfers should funds be comprised of proceeds of certain collateral or otherwise encumbered because, as defined by Section 726.102(2)(a) an "[a]sset" means "property of a debtor, but the term does not include . . . [p]roperty to the extent it is encumbered by a valid lien[.]" *See also 2-Bal Bay Properties, LLC v. Asset Mgmt. Holdings, LLC*, 291 So. 3d 617, 620 (Fla. 2d DCA 2020) ("AMH failed to prove by competent, substantial evidence that the property qualified as 2-Bal Bay's "asset" because the property was "encumbered by a valid lien" at the time of the transfer, and thus does not meet the definition of an "asset" set forth by the plain and unambiguous language of section 726.102(2). We thus reverse the trial court's finding that 2-Bal Bay committed a fraudulent transfer."); *Kapila v. CTS Equities Ltd. P'ship*, No. 2D2024-0334, 2025 WL 2233261, at *3 (Fla. 2d DCA Aug. 6, 2025) ("Section 726.102(2)(a) requires the asset to be 'property of a debtor' that is not 'encumbered by a valid lien.' At the time that the funds were

property of Holdco, the debtor, they were encumbered by TCB's valid lien. The funds were encumbered by a lien at the time Holdco made the distributions to CTS. Therefore, the funds used for the distributions were not assets subject to UFTA."); *Cafaro v. Zois*, 693 F. App'x. 810, 817 (11th Cir. 2017) ("In Section 726.102, Florida Statutes, FUFTA defines asset as "property of a debtor" but excludes from the definition "[p]roperty to the extent it is encumbered by a valid lien." The IRS had a valid lien on the property at the time the Zoises granted the second mortgage. The property therefore cannot serve as an asset under FUFTA."). Here the Alleged Debtors acknowledge that the assets are encumbered by a lien, which they assert is undisputed, held by Settle Funding, LLC which calls into question the avoidability of any transfers.

Likewise, ECom's reliance on *In re NNN Realty Advisors, Inc.*, Case No 15-30508-RBR (Bankr. S.D. Fla. Apr. 15, 2016), for the proposition that this proceeding should be abstained in favor of the ongoing ABC, is misplaced. ECom omits in its analysis that the ABC proceeding in NNN Realty had been proceeding in state court for 8 months and the Assignee had already dedicated "nearly 600 hours of legal and professional time reviewing and analyzing extensive documents, and researching and investigating claims and potential causes of action comprising assets of the NNNRA estate." *Id.* at [ECF 96]. Although ECom initiated its ABC in June of 2025, as noted by ECom's Case Management Report [D.E. 43], filed on August 11, 2025, in the ABC, the Assignee "intends to focus on . . . present[ing] a plan for the liquidation of inventory and investigat[ing] and pursu[ing] litigation claims against third-parties." *See* Case Management Report at ¶ 17 in *In re: ECom Authority, LLC*, Case No. 2024-010807-CA-01 (44).

Petitioning Creditors filed the Involuntary Petition to provide an avenue for efficient resolution of ECom's estate. Maintaining this action n this Court is the best and most appropriate forum.

10

**III.     Ecom Has Not Provided Requisite Notice of the Motion and Hearing**

Finally, even if there were a basis to dismiss the Involuntary Petition or abstain (there is not), this Court should nevertheless decline to do so because ECom has not provided the required notice of the Motion and hearing to all creditors. 11 U.S.C. § 303(j) is clear that "[o]nly after notice to all creditors and a hearing may the court dismiss a petition filed under this section." Moreover, Federal Rule of Bankruptcy Procedure 1017 requires that "the court must conduct a hearing on notice under Rule 2002 before dismissing a case," and Rule 2002, respectively, requires notice to all creditors.

While the rules and statutes nominally refer to motions by the petitioner, consents between all petitioners and the alleged debtor and want of prosecution, bankruptcy courts have uniformly understood the notice requirements to apply to broader arrays of fact patterns. Indeed, according to the legislative history, "the purpose of the subsection is to prevent collusive settlements among the debtor and the petitioning creditors while other creditors, that wish to see relief ordered with respect to the debtor but that did participate in the case, are left without sufficient protection." House Report No. 95-595, 95th Cong., 1st Sess. 324 (1977); Senate Report No. 95-989, 95th Cong., 2d Sess. 35 (1978). "The weight of authority suggests that § 303(j) applies to dismissals sought before an order for relief has entered." *In re Taub*, 150 B.R. 96, 97 (Bankr. D. Conn. 1993) (collecting cases); *see also* Fed. R. Bankr. P. 1017 at Advisory Comments ("[T]he rule applies to voluntary and involuntary cases."). Finally, Federal Rule of Bankruptcy Procedure 1017(d), makes clear notice to all creditors is necessary even if the court decides to dismiss the case under the abstention provision of 11 U.S.C. § 305(a)(1).

Here, ECom did not serve the Motion or the notices of hearing on all creditors. To the contrary, the certificates of service indicate that ECom served papers only on the undersigned and

11

the Office of the United States Trustee. *See* [ECF 13,15]. Accordingly, irrespective of the merits, this Court must not dismiss the Involuntary Petition without all creditors being afforded a full and fair opportunity to be heard.

### CONCLUSION

For the foregoing reasons, Petitioning Creditors, DeVine Commerce LLC, Curtis Barrett, Jennifer Pollak, Trent G. Braden and Austin Collins respectfully request that this Court enter an order: i) denying *Alleged Debtor Ecom Authority, LLC's Motion to Dismiss Involuntary Petition or Alternatively, for Abstention* ("Motion") [ECF 9] and ii) providing such other relief that the Court deems appropriate under the circumstances.

Respectfully submitted,

STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.
150 West Flagler Street, Suite 2200 Miami, Florida 33130
Telephone: (305) 789-3553

By: *s/ Patricia A. Redmond*
Patricia A. Redmond
Florida Bar No. 303739
predmond@stearnsweaver.com

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was filed and served via CM-ECF l to all parties of record as indicated on the attached service list on August 21, 2025.

By: *s/ Patricia A. Redmond*
Patricia A. Redmond

**SERVICE LIST**
**Case No. 25-17808-LMI**
**United States Bankruptcy Court, Southern District of Florida**

(a)    The following parties were served via transmission of Notice of Electronic Filing generated by CM/ECF:

Jonathan S. Feldman on behalf of Interested Party Philip Von Kahle
feldman@katiephang.com, service@katiephang.com

Michael S Hoffman on behalf of Debtor Ecom Authority, LLC
mhoffman@lessnehoffman.law, mhoffman@ecf.courtdrive.com

Michael D Lessne on behalf of Debtor Ecom Authority, LLC
mlessne@lessnehoffman.law, mlessne@ecf.courtdrive.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Kathleen S Phang on behalf of Interested Party Philip Von Kahle
katie@katiephang.com, linda@katiephang.com;service@katiephang.com

USTPRegion21.MM.ECF@usdoj.gov

Peter E. Shapiro on behalf of Creditor I2IT, LLC
pshapiro@shapirolawpa.com, shapiro.peterr101923@notify.bestcase.com

(a) The following parties were served via email on August 21, 2025:

Nima Tahmassebi, Esq.
NT Legal
2121 SW 3rd Ave Ste 201
Miami, FL 33129-1458
Email: nima@ntlegal.net

Jonathan S. Feldman, Esq.
One Biscayne Tower, Suite 1600
2 South Biscayne Boulevard
Miami, Florida 33131
Email: eldman@katiephang.com

Austin Collins
104 Checkerberry Rd.
Oak Ridge, TN 37830

Brian DeVinney
103 Ravenhill Rd
Phoenixville, PA 19460

Curtis Barrett
9027 E Hobart St,
Mesa, AZ 85207

Trent Gregory Braden
714 NE 17th St.
Oklahoma City, OK 73105

Jennifer Michelle Pollak
1668 Glider Ct
Thousand Oaks, CA 91320

13