**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

|  |  |
|---|---|
| In re: | ) |
|  | ) |
|  | ) Chapter 7 |
| Ecom Authority, LLC, | ) |
|  | ) Case No. 25-17808-LMI |
|  | ) |
| Debtor. | ) |
|  | ) |

**PETITIONING CREDITORS' FURTHER (I) OPPOSITION**
**TO AND (II) MOTION TO STRIKE JOINDERS OF**
**ASSIGNEE PHILIP VON KAHLE AND I2IT, LLC**

Petitioning creditors Austin Collins, Curtis Barrett, DeVine Commerce LLC, Jennifer Pollak, Trent G. Braden (collectively, "Petitioning Creditors"), by and through their undersigned counsel, submit this opposition to and motion to strike (this "Opposition") the Joinders (as defined herein) to the Motion to Dismiss (as defined herein), and in support hereof respectfully state:

**Background**

1.      This Bankruptcy Court has jurisdiction to consider this Opposition under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  The Petitioning Creditors consent to entry of a final order under Article III of the United States Constitution.

2.      Venue of this case and the Opposition in this district is proper under 28 U.S.C. §§ 1408 and 1409.

3.      On July 9, 2025, the Petitioning Creditors filed an involuntary petition for relief (the "Involuntary Petition") under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court").

4. On August 5, 2025, the above-captioned alleged debtor (the "Debtor") submitted its *Motion to Dismiss Involuntary Petition or Alternatively, for Abstention* [Docket No. 9] (the "Motion to Dismiss"), seeking dismissal of this case as a bad faith filing or, in the alternative, for abstention.

5. On August 19, 2025, Philip von Kahle (the "Assignee") filed his joinder to the Motion to Dismiss [Docket No. 16] (the "Assignee Joinder").

6. On August 19, 2025, I2IT, LLC d/b/a BWC Ecom ("BWC Ecom"), an alleged creditor of the Debtor, filed its joinder to the Assignee Joinder [Docket No. 17] (the "BWC Ecom Joinder," and together with the Assignee Joinder, the "Joinders").

### Relief Requested

7. By this Opposition, the Petitioning Creditors respectfully request the Court (i) deny the Motion to Dismiss, as supplemented by the Joinders, and (ii) strike the Joinders as set forth herein.

### Argument

8. The Petitioning Creditors have submitted their *Response in Opposition to Ecom Authority, LLC's Motion to Dismiss* [Docket No. 20], dealing substantively with the arguments raised in the Motion to Dismiss, which arguments are incorporated herein by reference. Beyond the merits, however, the Court should decline consideration of the Joinders and strike the same for lack of standing.

9. Where a party in interest lacks standing to seek certain relief, a bankruptcy court may strike such party's papers. *In re E.S. Bankest, L.C.*, 321 B.R. 590, 592 (Bankr. S.D. Fla. 2005) ("Based upon the pleadings and arguments and for the reasons set forth herein, the Court grants the Motions to Strike, in part, finding that Gunster lacks party-in-interest standing to prosecute the

Motion to Convert."); *see also* Fed. R. Civ. P. 12(f) ("The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.").

10.    As a preliminary matter, section 303(d) of the Bankruptcy Code allows a "***debtor*** . . . [to] file any answer to a[n] [involuntary] petition." *In re QDN, LLC*, 363 F. App'x 873, 875 (3d Cir. 2010) (emphasis in original) (quoting 11 U.S.C. § 303(d)). It is correspondingly "well-established that a ***creditor***, in contrast, does not have standing to contest an involuntary bankruptcy filing. *Id.* at 875–76 (emphasis in original) (collecting cases). Accordingly, to the extent the Joinders seek to further the alleged "bad faith" rationale for contesting the Involuntary Petition, the Assignee and BWC Ecom lack standing and the Court should strike such portions of the Joinders. Beyond the dismissal rationale, however, standing is lacking for the abstention rationale as well.

11.    To have standing before a bankruptcy court, a party must generally have Article III (or constitutional) standing, "bankruptcy" standing, and prudential standing. Beginning with Article III standing, the party "must have suffered an 'injury in fact' that's 'concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling.'" *QR Triptych, LLC v. LV Midtown, LLC*, 659 B.R. 132, 147 (S.D. Fla. 2024) (quoting *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010)).

12.    As for bankruptcy standing, "[s]tanding in bankruptcy cases is narrower than Article III standing," and to be heard a party "must have a pecuniary interest in the outcome of the proceeding, and the order at issue must 'directly and adversely affect that interest.'" *Gordon v. Patel (In re Patel)*, Nos. 16-65074-LRC, 16-05307-LRC, 2017 Bankr. LEXIS 3290, at *9 (Bankr. N.D. Ga. Sep. 28, 2017) (quoting *In re Adams*, 424 B.R. 434, 435 (Bankr. N.D.Ill. 2010)).

13.     Finally, prudential standing "comprises three non-constitutional, non-jurisdictional, policy-based limitations on the availability of judicial review." *Mulhall v. UNITE HERE Local 355*, 618 F.3d 1279, 1290 (11th Cir. 2010). Namely, the request must "fall within the 'zone of interests' protected by the statute or constitutional provision at issue;" it cannot "require the court to pass on abstract questions or generalized grievances better addressed by the legislative branches;" and the party must "assert his or her own legal rights and interests rather than the legal rights and interests of third parties." *Id.*

14.     In this case, the Assignee lacks standing by all three metrics.  First, the Assignee does not have Article III standing because he will not suffer an "injury in fact," regardless of how the Court ultimately rules.  An abstract notion of serving as assignee or not is hardly concrete and particularized, even if it may be traceable to the filing of the Involuntary Petition and redressed by an order dismissing the same.  Further, with respect to bankruptcy standing, he does not have a pecuniary interest that will be directly and adversely affected by this Court's adjudication of the Motion to Dismiss.  At best, the Assignee may have a pecuniary interest in work that he may (but has not yet) done as assignee and payment therefor, but such an incidental and hypothetical interest cannot alone confer standing.  Finally, much of the Assignee's Joinder focuses on "whether there is a strategic advantage in liquidating the Alleged Debtor in this forum versus the state court" and arguing "proceeding in this forum will result in a significant disadvantage that harms creditors." Assignee's Joinder at p. 2.  The Assignee accordingly seeks to assert the rights and interests of creditors, and do so defensively, while his own interests do not fall within the "zone of interests" that section 303 of the Bankruptcy Code seeks to protect (namely, debtors and creditors, not custodians).

15. Accordingly, because the Assignee lacks standing as to both the dismissal and abstention issue, the Assignee's Joinder should be stricken *in toto*.

WHEREFORE, the Petitioning Creditors respectfully request the Court (i) deny the Motion to Dismiss, and (ii) strike the Joinders.

Dated: August 21, 2025
        Miami, Florida

Respectfully submitted,

**PACK LAW, P.A.**
51 Northeast 24th Street, Suite 108
Miami, Florida 33137
Telephone: (305) 916-4500

By:  */s/ Joseph A. Pack*
        Joseph A. Pack, Esq.
        Email: joe@packlaw.com
        Florida Bar No. 117882
        Jessey J. Krehl, Esq.
        Email: jessey@packlaw.com
        Florida Bar No. 1025848

**STEARNS WEAVER MILLER WEISSLER**
**ALHADEFF & SITTERSON, P.A.**
150 West Flagler Street, Suite 2200
Miami, Florida 33130
Telephone: (305) 789-3553
Patricia A. Redmond, Esq.
Email: predmond@stearnsweaver.com
Florida Bar No. 303739
*Co-Counsel to the Petitioning Creditors*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on this August 21, 2025 via CM/ECF on all parties registered to receive electronic service thereby in this Chapter 11 Case.

By:  */s/ Patricia A. Redmond, Esq.*
        Patricia A. Redmond, Esq.

5