UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                          Case No. 25-17808-LMI
                                                Involuntary Chapter 7
ECOM AUTHORITY, LLC,

        Alleged Debtor.
_____/

### ASSIGNEE'S SUPPLEMENT TO JOINDER TO ALLEGED DEBTOR'S MOTION TO DISMISS INVOLUNTARY PETITION OR ALTERNATIVELY, FOR ABSTENTION

The Assignee, Philip von Kahle, files this supplement to his joinder [ECF No. 16] to the Alleged Debtor's motion to dismiss or abstain [ECF No. 9]. The Assignee files this supplement solely to address the issue of standing to bring fraudulent transfer claims.

### SUPPLEMENT

In justifying their filing of this bankruptcy case, the Petitioning Creditors initially claimed the Assignee was foreclosed from bringing fraudulent transfer claims against third-parties by operation of *Fla. Stat.* § 726.101 *et seq.* In their response, the Petitioning Creditors now vacillate from this position, stating that such claims "may be lost" or "call[ed] into question." But these statements do not pass legal scrutiny.

On this much, the Assignee agrees with the Petitioning Creditors: A creditor likely cannot avoid the transfer of an asset if that asset is encumbered by a "valid lien" at the time the asset is transferred. A valid lien "means a lien that is effective against the holder of a judicial lien subsequently obtained by legal or equitable process or proceedings." *Fla. Stat.* § 726.102(15). And this makes logical sense: "[A] creditor cannot challenge a conveyance as fraudulent when it



**One Biscayne Tower | Suite 1600 |2 S. Biscayne Boulevard | Miami, FL 33131**
**T: (305) 614-1223 | (F): (305) 614-1187 | www.katiephang.com | feldman@katiephang.com**

could not have reached the subject property had it not been conveyed." *Kapila v. CTS Equities Ltd. P'ship*, No. 2D2024-0334, 2025 WL 2233261, at \*11 (2nd DCA Aug. 6, 2025) (internal citations omitted).

In this case, the "asset" of concern to the Assignee and creditors – money – was transferred to third-parties from a deposit account in the name of the Alleged Debtor.  To perfect a security interest on a borrower's deposit account, a creditor must obtain "control" over the account, which requires one of the following arrangements: (1) the borrower maintains its deposit account directly with the creditor; (2) the creditor becomes the actual owner of the borrower's deposit accounts with the borrower's depository banks; or (3) the parties obtain a deposit account control agreement with the borrower's depository bank.  *See Fla. Stat.* §§ 679.1041 & 679.3141.

Here, **<u>none</u>** of these three events occurred.  The secured creditor – Settle Funding – is not a financial institution; it did not become the owner of the Alleged Debtor's bank account; and it did not obtain a tripartite deposit account control agreement with the Alleged Debtor and the bank. Although Settle Funding likely has a security interest on other assets – such as the Alleged Debtor's inventory – as it relates to transfers from the Alleged Debtor's deposit account, no recipient of a fraudulent transfer will be able to raise this argument successfully because there is no perfected lien on that account.

Indeed, one of the three cases cited by Petitioning Creditors - *CTS Equities* – frames the argument concisely and its inapplicability here.  In *CTS*, Texas Capital Bank made a loan to LSI Holdco with the express purpose of making distributions to LSI Holdco's equity members.  The loan proceeds were all deposited in deposit accounts maintained at Texas Capital Bank before

Phang Feldman

One Biscayne Tower | Suite 1600 |2 S. Biscayne Boulevard | Miami, FL  33131
T: (305) 614-1223 | (F): (305) 614-1187 | www.katiephang.com | feldman@katiephang.com

being transferred, and for good measure, the bank also obtained a pledge of the bank accounts maintained by the transferring entities. Thus, immediately prior to the offending transfers, the salient fact was the following: Texas Capital Bank exercised control over the deposit accounts in at least one of the three ways required by Florida law.

LSI later collapsed into insolvency. In entering into a settlement with Texas Capital Bank, the state court assignee **stipulated** that the liens created by the credit facility were "valid, binding, enforceable, properly perfected [and] non-avoidable." *Id.* at 4. Thereafter, the state court assignee sued the recipients of the transfers made from these same Texas Capital Bank accounts. Both the trial court and appellate court ruled that the assignee could not clawback the transfers. The courts ruled that at the time of transfer, the bank accounts were encumbered by Texas Capital Bank's (stipulated to) valid lien and the "funds used for the distributions were not assets subject to [clawback]." *Id.* at 10.

The other two decisions cited by the Petitioning Creditors do not provide any additional support. In *2-Bal Bay Props., LLC v. Asset Mgmt. Holdings, LLC*, 291 So. 3d 617, 620 (2d DCA 2020), the real property that was transferred was subject to a recorded mortgage for a debt that was in excess of the property value; in *Cafaro v. Zois*, 693 Fed. Appx. 810 (11th Cir. 2017), the plaintiff could not avoid a transfer of interest in real property due to an existing recorded IRS lien.

### 

In sum, there must be a properly perfected lien on the specific asset transferred for this argument to have teeth. Here, there is no such lien in favor of Settle Funding on the Alleged Debtor's deposit account and the Assignee has the ability to claw back improperly transferred

Phang|Feldman

**One Biscayne Tower | Suite 1600 |2 S. Biscayne Boulevard | Miami, FL  33131**
**T: (305) 614-1223 | (F): (305) 614-1187 | www.katiephang.com | feldman@katiephang.com**

funds to third-parties. Finally, the Petitioning Creditors do not address the other arguments raised by the Assignee as to the advantage of prosecuting litigation claims in the assignment proceeding. Regardless of whether their silence is concession to the Assignee's arguments, the Assignee again emphasizes the importance of preserving the value of tort claims, whether through settlement or contested resolution.

Dated: August 22, 2025

PHANG & FELDMAN, P.A.
2 S. Biscayne Boulevard, Suite 1600
One Biscayne Tower
Miami, Florida 33131
Telephone: (305) 614-1223
eMail: service@katiephang.com

By:     */s/ Jonathan S. Feldman*
        Jonathan S. Feldman (12682)
        feldman@katiephang.com
        Kathleen S. Phang (348650)
        katie@katiephang.com

*Attorneys for Philip von Kahle as Assignee*
*in the Assignment for Benefit of Creditors*
*of ECOM Authority, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 22, 2025, a true and correct copy of the foregoing was served based on the Court docket, by transmission of Notices of Electronic Filing ("NEF") generated by CM/ECF to all parties registered to receive electronic filings in this case, including counsel for the Petitioning Creditors, all appearances, and the Office of the United States Trustee.

By:     */s/ Jonathan S. Feldman*
        Jonathan S. Feldman (12682)

Page **4** of **4**

Phang|Feldman

**One Biscayne Tower | Suite 1600 |2 S. Biscayne Boulevard | Miami, FL 33131**
**T: (305) 614-1223 | (F): (305) 614-1187 | www.katiephang.com | feldman@katiephang.com**