**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

|  |  |
|---|---|
| In re: | Case No. 25-17808-LMI |
| Ecom Authority, LLC, | |
| Debtor. | Chapter 7 |

**PETITIONING CREDITORS' OPPOSITION TO DEBTOR'S MOTION FOR EXTENSION OF TIME TO FILE AN ANSWER TO INVOLUNTARY PETITION**

Petitioning creditors Austin Collins, Curtis Barrett, DeVine Commerce LLC, Jennifer Pollak, Trent G. Braden (collectively, "Petitioning Creditors"), by and through their undersigned counsel, submit this opposition (this "Opposition") to the above-captioned alleged debtor's (the "Debtor's") *Motion for Extension of Time to File an Answer to Involuntary Petition* [Docket No. 38] (the "Motion to Extend Time"), and in support hereof respectfully state:

1. On July 9, 2025, the Petitioning Creditors filed an involuntary petition [Docket No. 1] (the "Involuntary Petition"), initiating the above-captioned case. The Involuntary Petition was served on the Debtor on July 11, 2025.

2. Pursuant to Federal Rule of Bankruptcy Procedure ("Rule") 1011, a defense or objection to the Involuntary Petition was required to be presented as set forth in Federal Rule of Civil Procedure ("Civil Rule") 12 and filed and served by the Debtor on or before August 1, 2025 (i.e., 21 days after the July 11, 2025 initial service).

3. Rule 1011(c) states that "[s]erving a motion under [Civil Rule] 12(b) extends the time to file and serve an answer as [Civil Rule]12(a) permits." Civil Rule 12(b), by extension, requires that "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading" (i.e., an answer) except for certain enumerated defenses. To wit:

(1) lack of subject-matter jurisdiction;

(2) lack of personal jurisdiction;
(3) improper venue;
(4) insufficient process;
(5) insufficient service of process;
(6) failure to state a claim upon which relief can be granted; and
(7) failure to join a party under [Civil] Rule 19.

Fed. R. Civ. P. 12(b).

4. On August 8, 2025, the Debtor submitted a *Motion to Dismiss Involuntary Petition or Alternatively, for Abstention* [Docket No. 9] (the "Motion to Dismiss").  Critically, while the Motion to Dismiss nominally states it moves pursuant to Rule 7012 (incorporating Civil Rule 12(b)), it does **not** state any of the defenses actually enumerated in Civil Rule 12(b) *supra*.  Rather, the Motion to Dismiss appeals to bad faith (absent from Civil Rule 12) and abstention under 11 U.S.C. § 305(a)(1) (equally absent).

5. Rule 1013 states plainly that "[i]f the petition is not contested within the time allowed by Rule 1011, the court **must** issue the order for relief on the next day or as soon as practicable."  Fed. R. Bankr. P. 1013(b) (emphasis added); *see also* 11 U.S.C. § 303(h) ("If the petition is not timely controverted, the court **shall** order relief against the debtor in an involuntary case under the chapter under which the petition was filed.") (emphasis added). This language is mandatory and does not provide the court discretion.

6. Extensions of time, such as the one requested by the Debtor in the Motion to Extend Time, are governed by Rule 9006(b).  Specifically, "the court may—at any time and for cause—extend the time to act if . . . on motion made after the specified period expires, the failure to act within that period resulted from excusable neglect."  Fed. R. Bankr. P. 9006(b).

7. The Motion to Extend Time does not set forth the requisite cause to justify an extension of time.  Instead, the Motion to Extend Time, without citing authority pursuant to which the Debtor moves the Court, says the Debtor filed the motion "[o]ut of an abundance of caution—

and to avoid any ambiguity as to whether the Motion to Dismiss qualifies as a Rule 12(b) motion." There is no ambiguity.  Bad faith and abstention are foreign to Civil Rule 12(b), and because no other cause or reason for not answering within the time allotted by Rule 1011 is provided, the requirements to extend time pursuant to Rule 9006(b) have not been satisfied.

8.      In truth, in answering the Involuntary Petition, the Debtor would have no choice but to admit each relevant element of 11 U.S.C. § 303.  The Involuntary Petition was filed by "three or more entities, each of which is either a holder of a claim against [the Debtor] that is not contingent as to liability or the subject of a bona fide dispute as to liability or amount," 11 U.S.C. § 303(b)(1), and "within 120 days before the date of the filing of the petition, a custodian . . . was appointed or took possession."  11 U.S.C. § 303(h)(2).

9.      Absent any basis to grant the extension requested, the Motion to Extend Time should be denied.

**WHEREFORE**, the Petitioning Creditors respectfully request the Court deny the Motion to Extend Time and grant such further relief as is just and proper.

Dated: August 24, 2025
       Miami, Florida

Respectfully submitted,

**PACK LAW, P.A.**
51 Northeast 24th Street, Suite 108
Miami, Florida 33137
Telephone: (305) 916-4500

By:   _/s/ Jessey J. Krehl_
      Joseph A. Pack, Esq.
      Email:  joe@packlaw.com
      Florida Bar No. 117882
      Jessey J. Krehl, Esq.
      Email:  jessey@packlaw.com
      Florida Bar No. 1025848

*Co-Counsel to the Petitioning Creditors*

3

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on this August 24, 2025 via CM/ECF on all parties registered to receive electronic service thereby in the above-captioned case.

By:  */s/ Jessey J. Krehl*
Jessey J. Krehl, Esq.
Email:  jessey@packlaw.com
Florida Bar No. 1025848